**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RADIO FREE ASIA,<br><br>     *Plaintiff*,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>     *Defendants*. | No. 25-cv-907 |

**<u>PLAINTIFF'S EMERGENCY REQUEST FOR A HEARING UNDER LCvR 65.1</u>**

Plaintiff Radio Free Asia ("RFA") respectfully requests an emergency hearing on RFA's motion for a temporary restraining order, *see* ECF 12, which—pursuant to the parties' mutual agreement—RFA also asks the Court to convert into a motion for a preliminary injunction. All parties are available for a hearing on April 14, 2025.

RFA has been in dire financial straits since Defendant U.S. Agency for Global Media (USAGM) abruptly terminated RFA's grant in mid-March and froze the monies Congress already appropriated to RFA to support its mission of providing independent, objective journalism to millions of people in countries across Asia who otherwise lack access to a free press. Due to its dire financial condition, on March 27, 2025, RFA filed a complaint against USAGM, members of USAGM's leadership, and other Executive Branch agencies and officials who play a role in the funding process. *See* ECF No. 1. The following day, RFA filed a motion for a temporary restraining order, primarily asking this Court to (1) enjoin Defendants from impounding, blocking, or otherwise interfering with RFA's funds; and (2) enjoin Defendants from giving any effect to the termination of RFA's grant. *See* ECF No. 12; ECF No. 12-4. Counsel for RFA reached out to counsel for Defendants in an effort to reach consensus on a briefing schedule.

On Wednesday, April 2, in email communications with RFA's counsel, counsel for Defendants suggested there was no need for the Court to hear RFA's motion on an urgent basis and represented that USAGM understood RFA's grant termination to be suspended pursuant to a temporary restraining order entered in a separate action. *See Widakuswara v. Lake*, No. 25-cv-2390, 2025 WL 945869, at *11 (S.D.N.Y. Mar. 28, 2025) (temporarily enjoining USAGM from "terminating (or proceeding with terminating as announced) any USAGM grant or contract"). Counsel also represented that "USAGM [was] in the process of making the disbursements set out in [RFA's] approved financial plan for the month of March," and that for future months, USAGM would "engage in the process of negotiating [financial] plans as expeditiously as practicable." Finally, counsel asked RFA to agree to hold its motion for a TRO in abeyance or consent to a "more elongated briefing schedule."

RFA was willing to consider proceeding on a slower schedule, but only if USAGM could make certain assurances. At that point, RFA had still not received funds for either March or April and found itself in deteriorating financial condition. Accordingly, RFA asked USAGM to commit to "promptly disburs[ing] March and April funds to RFA" and "promptly process[ing] all grant agreements and related payments to RFA" while the *Widakuswara* TRO was in place. Defendants would not agree to RFA's proposal. Instead, they insisted they were already complying with the *Widakuswara* TRO. On Friday, April 4, counsel represented that RFA's "March payment [is] on the way" and that USAGM "expects to disburse April funds after the April financial plans are approved."

Although RFA finally received March funds this morning, USAGM has given every indication that it does not intend to fulfill its obligation to disburse RFA's April funds. Defendants received RFA's April financial plan on April 3. Normally, the approval of monthly financial plans

2

is pro forma.  Still, USAGM has made no meaningful progress on RFA's April funding, or even offered any response to RFA's April financial plan.  In short, Defendants do not appear to be making any genuine efforts to comply with the *Widakuswara* TRO with respect to RFA's April funds.[1]  And what is more, the USAGM Defendants now seek to vacate that order.  *See Widakuswara v. Lake*, No. 25-cv-1015, ECF No. 73 at 1 (D.D.C. Apr. 8, 2025).  Meanwhile, RFA's financial troubles grow more severe by the day.

Accordingly, despite RFA's best efforts to pursue an out-of-court solution, RFA needs emergency relief from this Court.  RFA therefore respectfully requests that the Court schedule a hearing on April 14, 2025, to hear RFA's motion for a preliminary injunction (previously styled as RFA's motion for a temporary restraining order).

In addition, undersigned counsel respectfully suggests consolidating the remaining briefing and argument on RFA's motion for preliminary relief with briefing and argument on the plaintiff's motion for a preliminary injunction in *Middle East Broadcasting Networks, Inc. v. United States, et al.*, No. 25-cv-966-RCL, also pending before this Court.  Undersigned counsel is also counsel for the plaintiff in that case, and considering the matters together could be more efficient for the Court and the parties.

On April 8, 2025, counsel communicated to Chambers a joint proposed, consolidated schedule for those two cases as follows:

- **Friday, April 11 by 5 p.m.**: Defendants' Combined Opposition to RFA and MBN's Motions for Preliminary Injunctions

---

[1] Defendants have been similarly evasive with Radio Free Europe/Radio Liberty, a grantee who filed a related case that is likewise pending before this Court.  Notice, ECF No. 19 at 1, *RFE/RL v. Lake*, 25-cv-799-RCL (D.D.C. Mar. 31, 2025); *see also* Reply to Opp'n to Mot. for TRO, ECF No. 18 at 3-4, *RFE/RL v. Lake*, 25-cv-799-RCL (D.D.C. Mar. 28, 2025) ("Defendants may be withholding approval of the financial plan as a way to continue effectuating their unlawful action of withholding from RFE/RL its congressionally appropriated funds.").

- **Saturday, April 12**: MBN and RFA's Combined Reply

- **Monday, April 14**: Hearing[2]

  RFA respectfully requests that the Court enter the above schedule.


April 9, 2025

/s/ Kristin Bateman
Kristin Bateman*^
Jennifer Fountain Connolly (D.C. Bar No. 1019148)*
Robin F. Thurston (D.C. Bar No. 1531399)
Skye L. Perryman (D.C. Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
jconnolly@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

Respectfully submitted,

/s/ Donald B. Verrilli, Jr.
Donald B. Verrilli, Jr. (D.C. Bar. No. 420434)
Ginger D. Anders (D.C. Bar. No. 494471)
Jeremy S. Kreisberg (D.C. Bar No. 1048346)
Helen E. White (D.C. Bar No. 1741368)*
Esthena L. Barlow (D.C. Bar No. 90000252)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Donald.Verilli@mto.com
Ginger.Anders@mto.com
Jeremy.Kreisberg@mto.com
Helen.White@mto.com
Esthena.Barlow@mto.com

Hailyn J. Chen**
Adeel Mohammadi**
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100
Hailyn.Chen@mto.com
Adeel.Mohammadi@mto.com

Gabriel M. Bronshteyn**
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
(415) 512-4000
Gabriel.Bronshteyn@mto.com

*Admission pending

---

[2] As noted above, counsel for all parties are available for a hearing on this date, subject—of course—to the Court's availability.

\*\**Pro hac vice* application forthcoming
^Admitted only in California; practice
supervised by members of the D.C. Bar

*Attorneys for Radio Free Asia*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2025, I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the court's CM/ECF filing.

/s/ Donald B. Verrilli, Jr.
Donald B. Verrilli, Jr.
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100
donald.verrilli@mto.com

*Attorney for Radio Free Asia*